AVOCA SILK COMPANY, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. SAM NEWMAN, DEFENDANT-APPELLANT.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff-respondent, *Horton & Tilt.*

For the appellant, *Abram I. Bluestein.*

PER CURIAM.

The Circuit Court directed the entry of a summary judgment for the plaintiff. The suit was on a bank check made by the defendant to the order of the plaintiff, payment of which was stopped. It appears by the affidavit that the check was given in payment of services performed or to be performed in throwing silk for the defendant. The defendant filed a counter-claim in which he set up that he had shipped silk to be thrown and returned, that it was to be thrown in a good workmanlike and substantial manner so that it could be used for the purpose of manufacturing into cloth, but that the silk returned was not of the same quality as that forwarded, nor was it the same silk, nor was it thrown in a good workmanlike and substantial manner. Damages of $5,000 were claimed.

The trial judge filed a memorandum in which he held that there was a contract that payment was to be made by defendant before delivery, which contract was breached.

He further held that a counter-claim cannot be set up as a defense to such breach, and that by agreeing to pay before delivery any right as a counter-claim to the amount due was necessarily waived.

We are unable to take this view of the matter. The statute of counter-claim is very broad, and as now in force is section 12 of the Practice act of 1912, which provides that "subject to rules the defendant may counter-claim or set off any cause of action." Rules 65, 66 and 67 contain no special matter necessary to note here and generally are in aid of a liberal construction of the statute. The statute further provides that where the counter-claim cannot be conveniently tried it may be struck out; and this was done in the case of *Kelley* v. *Iron and Steel Co.,* 87 *N. J. L.* 567; but the present case is not within that decision or within that portion of the statute; for the present counter-claim went directly to the cause of action.

The judgment will be reversed with directions that the counter-claim be reinstated and the case tried on the merits.